## SUPREME COURT.

JOSEPH HART agt. JOHN A. KENNEDY and others—(and three like cases.)

The words " whilst actually on duty," in the last clause of the 34th section of the metropolitan police act, have relation to the subject of " *arrest on civil process*," as well as to that of " the service of subpœnas from civil courts."

Therefore, persons holding office under the metropolitan police act are exempt from arrest on civil process only " whilst actually on duty."

And this exemption, " whilst actually on duty," may be extended under all circumstances to the *superintendent* of police and the *captains*, and they may be considered as not at any time during the continuance of their terms of office, while prepared for duty, liable to arrest on civil process.

But the *patrolmen* have certain intervals of remission from duty, fixed and known, during which they are not liable to duty, and consequently in such cases may be liable to arrest on civil process.

*New York Special Term, August*, 1862.
MOTION to vacate order of arrest.

A. OAKEY HALL, *for motion.*
GUNNING S. BEDFORD, JR., *opposed.*

CLERKE, Justice. Although the collocation of the last clause of the 34th section of the metropolitan police act is not in conformity with the rules of composition which lead to precision in style, yet there can be little doubt that the words " whilst actually on duty" have relation to the subject of " arrest on civil process," as well as to that of " the service of subpœnas from civil courts."

If the words " whilst actually on duty" were intended to be restricted to the latter, it is to be presumed care would have been taken in a matter of so much importance, to place the restriction beyond the possibility of a doubt, by inserting these words after the conjunction " or," so that they would read thus : " or whilst actually on duty to service of subpœnas from civil courts."

But in the present position they are separated from each

of the preceding clauses by a comma, and may be considered as applicable to both, as if they were inserted after the word " nor," so that the last division of the section may read thus : " nor, whilst actually on duty, to arrest on civil process, or to service of subpœnas from civil courts."

This would have been the correct collocation of these clauses ; but I have no doubt that the present collocation admits of the same meaning, and no other.   Therefore, in my opinion, the legislature intended by this section to exempt persons holding office under the metropolitan police act from arrest on civil process only " whilst actually on duty."

II. The 27th section of the act gives authority to the commissioners to enact, modify and repeal rules and regulations for the furtherance of the police government of the district, and for promoting and perfecting the discipline of the force.

The 60th section of the general rules, adopted by the commissioners pursuant to this section, declares that the superintendent, inspectors, captains and sergeants of police will be " deemed always on duty ;" and it is contended that this rule is so efficacious as to require us to decide that they are always actually on duty, so that, under the 34th section of the act, none of them can be arrested on civil process.

Assuredly the 27th section has not given the commissioners the power to enact that a state of things exists which does not exist ; to declare that members of the police force are actually on duty when they are not actually on duty, and to deprive the courts of justice of the power to determine the fact according to the evidence.

The 27th section gives the commissioners the power to devise regulations for the internal government of the police force, just as it gives corporations, public and private, the power to enact by-laws ; but it has not given to either the capacity to modify an act of the legislature, or to assume the existence of a fact which would have that effect.

Hart agt. Kennedy.

If the members of the police are not actually on duty, the declaration of the commissioners, that they are on duty, can have no legal or moral effect; if they are actually on duty, the courts will not require the sanction of the commissioners' previous declaration to determine the fact; still, in determining the fact whether the members of the police force are actually on duty at a given time, it is proper to consider the nature and extent of the duty to which the person, for whom the exemption is claimed, is liable. The patrolmen have certain intervals of remission from duty, fixed and known, during which they are not liable to duty; but this can scarcely be affirmed of the superintendent. No doubt he has certain hours for taking his meals and taking sleep; but as he has a general and unremitting supervision over the operations of the whole force, and as his directions and advice in a city like this may be necessary at any time, he is liable to be called to interfere at any hour of the day or night, so that it is not at all unreasonable to say that he is always " actually on duty." The same may be affirmed of the captains; although their supervision is not as extensive, it is as constant as that of the superintendent.

I think, therefore, this exemption in the 34th section may be extended under all circumstances to the superintendent of police and the captains, and they may be considered, according to the true intent and meaning of that section, as not at any time during the continuance of his term of office, while prepared for duty, liable to arrest on civil process.. The result then is, that Kennedy and Davis (the superintendent and captain) should not be held under these orders of arrest; and that the other defendants in these several suits (being patrolmen) should be held.

But as these men acted under the orders of their superior, the bail should be reduced to a nominal sum; particularly as this provisional remedy, not being an absolute right in any case, rests in a great measure in the sound dis-

cretion of the judge, who may refuse it altogether, if he thinks the arrest is not necessary to secure the presence of the defendant, in order to render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment that may be recovered in it.

When a public officer, holding a position and performing duties important to the public peace and safety, is a defendant, it can seldom be expedient to resort to this provisional remedy. It is not at all probable that he will not render himself amenable to any process which may be issued to enforce the judgment that may be rendered against him; and the public interests require that his duties may not, without very stringent reasons, be hindered or interrupted.

For these reasons, except in aggravated cases, if an application for an order of arrest, under like circumstances, were to be now made for the first time, I should deem it my duty to refuse it; but as this is an application to set aside an order of arrest heretofore granted, I do not deem myself at liberty to set it aside on grounds of mere expediency. These are considerations to be addressed to the judge to whom the application is first made, and if he deems it proper to grant it, no other judge should interfere, except to reduce the amount of bail where the circumstances warrant the court in concluding that the amount in which the defendant was ordered to be held to bail was too large.

The amount of bail required from the patrolmen should be reduced to $250 in each case. The order of arrest against Kennedy and Davis being set aside in each case.